So Ordered.

Dated: April 1st, 2013

_Patricia C. Williams_
Patricia C. Williams
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:

LLS AMERICA, LLC,

      Debtor.

_____

BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,

      Plaintiff,

vs.

KEN PHILLIPS,

      Defendant.
_____

No. 09-06194-PCW11

Adv. No. 11-80127-PCW11

MEMORANDUM DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 21)

The adversary complaint was filed July 16, 2011, by the trustee of the LLS America, LLC (hereinafter "LLS") bankruptcy estate and Ken Phillips was named as the sole defendant. The complaint alleges that LLS engaged in a Ponzi scheme and that the defendant was one of many "investors" (sometimes referred to as "lenders") who provided funds to LLS in exchange for promissory notes. The defendant then received distributions of funds from LLS. LLS filed a chapter 11 bankruptcy on July 21, 2009 in the District of Nevada. The LLS bankruptcy was transferred to this court on November 4, 2009. The complaint seeks return of all funds received by the defendant

MEMORANDUM DECISION RE: . . . - Page 1

under RCW 19.40 and .41, as well as pursuant to 11 U.S.C. §§ 544, 548, 550 and 551 of the Bankruptcy Code. This adversary is one of hundreds brought by the trustee, which allege the same causes of action and attempt to recover from other defendants who received distributions from LLS.

On December 31, 2012, the defendant requested summary judgment and the dismissal of all claims. The grounds for the motion are: 1) lack of jurisdiction over the defendant, who is a resident of Canada; 2) that United States law does not apply to this controversy; and 3) that the plaintiff's accounting is incorrect and that the defendant did not receive any distributions. The background of this controversy and much of the legal analysis applicable to the present issues are set forth in a prior decision entered July 2, 2012 (ECF No. 146) in adversary proceeding No. 11-80093-PCW11, and will not be repeated herein.

## **JURISDICTION**

The defendant is a resident of British Columbia, Canada, as is the corporation Dr. Ken Phillips, Inc. (hereinafter "the corporation"), discussed throughout this decision. The declaration of Jane Phillips (ECF No. 24), the wife of the defendant, states that the defendant is a dentist practicing in British Columbia, that the corporation operates a dental practice in British Columbia, and that neither conduct business in the United States.

In this case, it is not disputed that there were numerous relevant transactions over the course of many years with transfers of funds to and from LLS.[1] The declaration of Jane Phillips states that "at least" $310,000 was transferred by the corporation to various Canadian entities, which were substantially consolidated into the LLS bankruptcy estate. The accounting reconciliation submitted by the trustee refers to over 100 transactions between LLS and the defendant and/or the corporation. Numerous e-mails were sent by Jane Phillips to LLS, and LLS sent numerous e-mail communications to investors such

---

[1]LLS refers to the various entities which compose the bankruptcy estate and the estate itself.

MEMORANDUM DECISION RE: . . . - Page 2

as the defendant.

The defendant filed a proof of claim for $420,000 in the LLS bankruptcy proceeding on August 28, 2009 (Claim No. 49).[2] The defendant, through counsel, filed a motion to withdraw the reference of this adversary proceeding to the district court.

Based upon the reasoning and additional facts set forth in the previous decision entered in adversary proceeding No. 11-80093-PCW11 (ECF No. 146), the conclusion is that jurisdiction exists. The defendant's request to dismiss for lack of jurisdiction is denied.

## **CANADIAN LAW APPLIES**

The defendant argues that since the defendant and/or the corporation dealt only with Canadian entities, Canadian law applies to this adversary. Those Canadian entities were substantially consolidated with the debtor LLS by memorandum decision and order entered on September 8, 2011, in the underlying bankruptcy proceeding No. 09-06192-PCW11 (ECF Nos. 770 and 771, respectively). That substantial consolidation was nunc pro tunc, meaning that it relates back to the date of the filing of the bankruptcy petition.[3]

Plaintiff and the defendant agree that substantive consolidation has the effect of consolidating assets and liabilities of the companies subject to consolidation. Defendant asserts that the day before the court entered the substantive consolidation order, each of the separate entities that are now consolidated possessed its own set of assets and liabilities, and that although those Canadian entities might have had fraudulent transfer claims under Canadian law, none of those companies were yet subject to the court's substantive consolidation order and therefore, there were no fraudulent transfer actions under United States law. The essence of the argument seems to be that the effect of

---

[2] The defendant now offers to withdraw the proof of claim. Rule 3006 requires a motion to that effect. Also, withdrawal has no effect upon jurisdiction. In re EXDS, Inc., 301 B.R. 436 (Bankr. D. Del. 2003).

[3] The Bankruptcy Appellate Panel affirmed the bankruptcy court's decision (ECF No. 1133).

MEMORANDUM DECISION RE: . . . - Page 3

substantive consolidation was that any Canadian law cause of action possessed by the Canadian entities became part of the LLS bankruptcy estate, but Canadian law continues to apply to those causes of action. Those causes of action, assuming they exist, are not being pursued in this adversary.

The plaintiff's claim to recover transfers under 11 U.S.C. §§ 544, 548, 550 and 551 arise under the Bankruptcy Code. Those claims are assets of the bankruptcy estate and can only be brought by the court-appointed trustee for the estate. Defendant has cited no authority for the proposition that claims arising under the Bankruptcy Code are governed by Canadian law.

Choice of law issues were addressed in the previous decision entered July 2, 2012, in adversary proceeding No. 11-80093-PCW11 (ECF No. 146). Not every transaction which has a foreign element constitutes the extraterritorial application of law. Jay L. Westbrook, The Lessons of Maxwell Communication, 64 Fordham L. Rev. 2531 (1996). Courts must look at the facts of each case to determine whether or not the center of gravity of the transaction exists outside the United States. In re Pacat Fin. Corp., 295 F. 394, 401 (D.C.N.Y. 1923).[4] As held in the prior decision, the locus of this series of transactions was in Spokane, Washington. The defendant's request to apply Canadian law to this controversy is denied.

---

[4] In its Order Granting Trustee's Motion for Substantive Consolidation and Denying Oral Motions to Strike, ECF No. 771 filed September 8, 2011, in case No. 09-06194-PCW11, this court held as follows on p. 15:

> 4. The LLS America Companies are substantively consolidated with the Debtor nunc pro tunc effective as of July 21, 2009 (the date of the LLS America, LLC bankruptcy filing).
>
> 5. The assets and liabilities of the LLS America Companies are hereby pooled with the assets and liabilities of LLS America, LLC, the Debtor herein, and shall be administered by the Chapter 11 Trustee for the benefit of the creditors of LLS America, LLC and the LLS America Companies.
>
> 6. The trustee avoidance powers pursuant to 11 U.S.C. §§ 544, 547, 548, 549 and otherwise, are preserved.

MEMORANDUM DECISION RE: . . . - Page 4

## THE TRUSTEE'S ACCOUNTING IS INCORRECT
## AND THE DEFENDANT RECEIVED NO TRANSFERS

The declaration of Jane Phillips (ECF No. 24) states that the defendant Dr. Ken Phillips never received any transfers from any of the LLS entities and further, that the corporation is the entity which received the transfers from the Canadian entities, which were substantially consolidated into the bankruptcy estate. To support the statement that all funds provided LLS were from the corporation, the declaration attached copies of checks variously dated between 2001 and 2004, payable to certain of those Canadian entities and drawn upon an account held by the corporation. Also attached are records of wire transfers dated in 2004 and 2005, which refer to "Dr. Ken Phillips" or to "Dr. Ken Phillips, Inc.," as sender, with the recipient listed as "Little Loans." The records reveal 19 transactions totaling approximately $220,000. The plaintiff disputes the accuracy of the defendant's statement that the corporation transferred at least $310,000 to LLS and the accuracy of the records produced.

The proof of claim filed in the name of the defendant attached the following promissory notes:

1. Note dated July 23, 2001 (typed date July 25, 2001), payable to the corporation in the amount of $5,000 and payable by The Little Loan Shoppe, Ltd.

2. Note dated November 1, 2002, payable to the corporation in the amount of $15,000 and payable by Little Loan Shoppe, Ltd.

3. Note dated May 7, 2003, payable to Dr. Ken Phillips in the amount of $10,000 and payable by Little Loan Shoppe, Ltd.

4. Note dated August 16, 2004, payable to Dr. Ken Phillips in the amount of $20,000 and payable by 639504 B.C., Ltd. and/or Little Loan Shoppe America and/or Doris E. Nelson.

5. Note signed October 6, 2006 (typed date September 20, 2006), payable to Dr. Ken Phillips in the amount of $115,000 and payable by 0738116 B.C., Ltd.

6. Note signed July 17, 2007 (typed date December 15, 2006) payable to Dr.

Ken Phillips in the amount of $300,000 and payable by 0738126 B.C., Ltd.

The last note states that "ALL PROMISSORY NOTES EXECUTED PRIOR TO THE ABOVE DATE ARE CANCELLED AND THIS NOTE AND ITS TERMS SHALL CONTROL THE PAYMENT OF ALL FUNDS PRESENTLY DUE THE PAYEE."

The declaration of Curtis Frye (ECF No. 33) submitted by the trustee states that LLS frequently received instructions from investors to make payments under the promissory notes to third parties. It attaches a 2006 e-mail from Jane Phillips, which discusses "deposits" made by LLS and attaches a voided check from the corporation account, but which does not expressly direct distributions be made to the corporation. The accounting reconciliation attached to the Frye declaration refers to an account as "Phillips, Dr. Ken or Jane" and in another column refers to the account as "Split - Phillips-Dr. Ken Phillips, Inc." The reconciliation then purports to be an accounting by date and amount of all deposits made to the Phillips account and all transfers from the account. It demonstrates deposits in the amount of $250,000 and distributions of $354,725.08. Also attached are eight checks drawn by LLS and payable to Ken Phillips or Jane Phillips which total $21,903.31. Also attached are what appear to be unrelated "check stubs" totaling $3,340.00, but it cannot be determined if those represent additional transfers. This contradicts the statement by the defendant that no funds were transferred to the defendant, but implies that other funds were transferred to the corporation, but it is unknown if that occurred at the request of the defendant.

There are contradictions and inconsistencies in the evidence. The declaration of Jane Phillips attaches bank statements for the period of January 6, 2006 through September 6, 2006, for the corporate account. Certain entries appear as "SPECIAL DEPOSIT." The source of the "special deposits" is not described in the Declaration, but they are allegedly transfers from LLS to the corporation. However, there is a "special deposit" in the amount of $15,000 dated February 20, 2006, but the reconciliation submitted by the trustee shows only one transfer in February, 2006, and that was in the

MEMORANDUM DECISION RE: . . . - Page 6

amount of $6,167. The checks attached to the declaration of Jane Phillips (ECF No. 24) drawn on the corporate account include a check dated January 31, 2004, in the amount of $20,000 and payable to Little Loan Shoppe. However, the trustee's reconciliation reveals no transfers made to the Phillips' account in January, February or March of 2004.

Clearly, there are disputed facts as to the total amount transferred to LLS and whether the transfers were from the defendant and/or the corporation. Clearly, there are disputed facts as to the amount transferred from LLS to the defendant and/or the corporation. There are disputed facts as to the role the corporation played in the transfers to and from LLS. As there are disputed facts, the motion for summary judgment must be denied.

## **CONCLUSION**

Summary judgment is inappropriate and the defendant's motion for summary judgment is be **DENIED**.

MEMORANDUM DECISION RE: . . . - Page 7