So Ordered.

Patricia C. Williams
Bankruptcy Judge

Dated: April 18th, 2013

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>LLS AMERICA, LLC,<br>    Debtor.<br>─────────────────────────<br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br>    Plaintiff,<br>vs.<br>KEN PHILLIPS,<br>    Defendant.<br>───────────────────────── | No. 09-06194-PCW11<br><br>Adv. No. 11-80127-PCW11<br><br>MEMORANDUM DECISION RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF NO. 25) |

This matter arose from the plaintiff's Motion to Amend Complaint filed January 2, 2013 (ECF No. 25). Arguments occurred on March 26, 2013, together with the arguments regarding the defendant's Motion for Summary Judgment. The Memorandum Decision regarding summary judgment was entered on April 1, 2013 (ECF No. 46). The facts and analysis in that Memorandum Decision which apply to this decision regarding the amendment of the plaintiff's complaint will not be repeated herein.

Fed. R. Bankr. P. 7015 incorporates Fed. R. Civ. P. 15. Under Fed. R. Civ. P. 15, leave to amend pleadings should be freely given in the interest of justice by applying

MEMORANDUM DECISION RE: . . . - Page 1

Rule 15 liberally to carry out the rule's policy in favor of amendments. Fed. R. Civ. P. 15(a)(2); <u>Ascon Properties, Inc. V. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989).

The proposed amended complaint contains the same causes of action and is in essence the same as the original complaint, but seeks to add an additional party. The plaintiff seeks to add as an additional defendant Dr. Ken Phillips, Inc., a corporation which is in some unknown manner related to or associated with the existing defendant Dr. Ken Phillips. The basis for doing so is that the individual defendant now alleges that the transfers sought to be recovered by the plaintiff from the defendant were not in fact received by the defendant. Rather, they were received by the corporation. Additionally, the defendant alleges that the source of the funds initially transferred to the bankruptcy estate was the corporation rather than the defendant. The plaintiff in the proposed amended complaint not only adds the corporation as a party defendant, but further requests that the corporate form of the additional corporate defendant be disregarded for the purposes of this litigation.

It is within the court's discretion to allow an amended pleading freely, but that discretion is limited by consideration of four factors – bad faith, undue delay, prejudice, and futility – which are not given equal weight. <u>Foman v. Davis</u>, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995); <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 628 (9th Cir. 1991). A proposed amendment is futile only if no set of facts can be proven that amount to a legally sufficient claim or defense. <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988). In this situation, the issue is futility as the defendant argues that the amendment is barred and the court lacks jurisdiction of the proposed additional party. The plaintiff maintains that the amendment is not time barred as it will relate back to the date of the filing of the original complaint.

Fed. R. Bankr. P. 7015 adopts Fed. R. Civ. P. 15(c), which states that an amended complaint relates back to the date of the original complaint when

> (A) the law that provides the applicable statute of limitations allows relation back;

MEMORANDUM DECISION RE: . . . - Page 2

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; . . .

That requirement is met in this situation. The original complaint sought to recover transfers made by a debtor allegedly engaged in a Ponzi scheme from the initial transferee, i.e., the defendant Dr. Ken Phillips. The defendant now maintains that the tranfers were not in fact to him, but to a corporation. The subject matter, the transfers, and the core facts are the same as was described in the initial complaint.

The decision regarding summary judgment (ECF No. 46) discusses the conflicting and inconsistent evidence regarding the transfers. It is apparent that the plaintiff's failure to name the corporation as a party was not a deliberate choice to pursue one transferee, but not another. The factual and legal distinctions, if any, between defendant Dr. Ken Phillips and the corporation are still unknown.

Currently, there is insufficient evidence to determine whether the amendment would relate back to the date of the filing of the original complaint. Should the evidence result in a determination that the corporate form should be disregarded, as is requested in the amended complaint, the doctrine of "relation back" would apply. Later developed evidence may, however, demonstrate that there is no basis upon which the doctrine of "relation back" should apply.

The complaint may be amended to add the corporation as a party defendant. Discovery should proceed, which discovery may well result in evidence resolving the issues relating to the proposed amendment.

The motion to amend the complaint is **GRANTED**. However, the amendment is without prejudice to the defendant corporation or the individual defendant later seeking reconsideration of this order within sixty (60) days. Any such reconsideration should be based upon whatever relevant evidence is elicited through discovery within the next sixty (60) days.

///END OF MEMORANDUM DECISION///